ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| SECRETARIO DEL TRABAJO Y RECURSOS HUMANOS, en representación y para beneficio de MIGUEL ADORNO BURGOS, Peticionaria, v. RANGER AMERICAN OF PUERTO RICO, LLC.; TRIPLE S PROPIEDAD, INC., Recurrida. | KLCE202500360 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Región Judicial de Humacao, Sala Superior de Yabucoa. Civil núm.: YB2024CV00294. Sobre: reclamación de despido injustificado (Ley Núm. 80 de 30 de mayo de 1976, 29 LPRA sec. 185a-185m); Ley Núm. 2 de 17 de octubre de 1961 (32 LPRA sec. 3118-3132). |
|---|---|---|

Panel integrado por su presidenta, la juez Lebrón Nieves, la jueza Romero García y el juez Rivera Torres.

Romero García, jueza ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 8 de mayo de 2025.

El Secretario del Trabajo y Recursos Humanos, parte peticionaria, comparece en representación y para beneficio del señor Miguel Adorno Burgos (señor Adorno). Nos solicita que revisemos la *Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de Yabucoa, el 20 de marzo de 2025, notificada el 21 de marzo de 2025. Mediante el referido dictamen, el foro *a quo* declaró sin lugar la solicitud de anotación de rebeldía presentada contra la parte recurrida, Triple S Propiedad, Inc. (Triple S).

Por los fundamentos expuestos a continuación, **desestimamos** el auto de *certiorari* por falta de jurisdicción.

I

El 18 de septiembre de 2024, el señor Adorno presentó ante el Tribunal de Primera Instancia, Sala Superior de Yabucoa, una querella contra Ranger American of Puerto Rico, LLC (Ranger American), y Triple S al amparo del procedimiento sumario de la Ley Núm. 2 de 17 de octubre de 1961, según enmendada, conocida como *Ley de procedimiento sumario de reclamaciones laborales*, 32 LPRA sec. 3118-3132 (Ley Núm. 2), y por

Número identificador

RES2025_____

violación a la Ley Núm. 80 de 30 de mayo de 1976, según enmendada, 29 LPRA sec. 185a-185n, mejor conocida como *Ley de indemnización por despido injustificado*[1]. Adicionalmente, el señor Adorno se amparó en la Ley Núm. 108 de 29 de junio de 1965, según enmendada, intitulada *Ley para regular las profesiones de detectives privados y guardias de seguridad en Puerto Rico*, 25 LPRA sec. 285-285d[2]. Entre sus alegaciones, el señor Adorno expuso que incluía a Triple S como querellada para que respondiera como deudor solidario, hasta el límite de su fianza, conforme al contrato suscrito con su patrono, Ranger American[3].

El **19 de septiembre de 2024**, la Secretaría del Tribunal de Primera Instancia expidió el emplazamiento dirigido a Triple S[4]. Según surge del expediente, este fue diligenciado **el 26 de septiembre de 2024**, al entregar copia de los documentos a una agente autorizada para recibirlos en Guaynabo, Puerto Rico[5].

Tras varias incidencias procesales, el **3 de marzo de 2025**, Triple S presentó, sin someterse a la jurisdicción del tribunal, una solicitud de desestimación al amparo de la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V[6]. En síntesis, sostuvo que la querella instada por el señor Adorno

---

[1] *Véase*, apéndice del recurso, a las págs. 1-5.

[2] En particular, resaltó el Art. 7 del referido estatuto que, en lo pertinente, dispone:

. . . . . . . . .

Toda persona que haya trabajado para una "Agencia", respecto a la cual se hubiere prestado la fianza exigida por este Artículo y a quien no se haya pagado en total o en parte, sus salarios o cualquier derecho o beneficio a que fuere acreedor por ley, tendrá derecho a instar acción judicial, sin necesidad de previa notificación o requerimiento, contra la "Agencia", contra la fianza de la "Agencia" o contra ambos, en cobro de la cantidad que por tal concepto pueda adeudarse. Toda acción judicial que se inste bajo este Artículo podrá tramitarse de acuerdo con lo dispuesto por la Ley Núm. 2 aprobada el 17 de octubre de 1961, según enmendada, y podrán acumularse en una sola querella todas las reclamaciones por concepto de salarios o cualquier otro derecho o beneficio que se adeudare.

. . . . . . . . .

25 LPRA sec. 285f.

[3] *Véase*, apéndice del recurso, a la pág. 4.

[4] *Íd.*, a la pág. 6.

[5] *Íd.*, a la pág. 7.

[6] *Íd.*, a las págs. 18-50.

dejaba de exponer una reclamación que justificara remedio alguno. Lo anterior, en atención a que no había existido una relación obrero patronal entre él y Triple S. Por el contrario, señaló que de la querella instada surgía que Triple S era únicamente la fiadora de Ranger American; por tanto, no le era aplicable el procedimiento sumario dispuesto en la Ley Núm. 2. Finalmente, sostuvo que el Tribunal de Primera Instancia carecía de jurisdicción sobre su persona por considerar que el emplazamiento había sido insuficiente.

De igual forma, el **6 de marzo de 2025**, Triple S presentó una moción en la que solicitó al foro primario que convirtiera el procedimiento sumario al trámite ordinario[7].

En reacción a las mociones presentadas por Triple S, el 20 de marzo de 2025, el señor Adorno presentó su oposición[8]. Resaltó que, a pesar de ser emplazada conforme a derecho, Triple S no había contestado la querella oportunamente. A su vez, señaló que de conformidad con el Art. 7 de la Ley Núm. 108 de 29 de junio de 1965, 25 LPRA sec. 285f, **sí** podía acumularse a la agencia y a su fiadora en el proceso sumario provisto por la Ley Núm. 2. En virtud de lo anterior, solicitó al Tribunal de Primera Instancia que declarara sin lugar las mociones presentadas por Triple S y le anotara la rebeldía.

Examinados los escritos, el **21 de marzo de 2025**, el Tribunal de Primera Instancia notificó a las partes litigantes una orden[9] mediante la cual declaró sin lugar los remedios solicitados por Triple S, así como la anotación de su rebeldía, conforme fuera solicitado por el señor Adorno. En esa misma fecha, el tribunal *a quo* emitió otra orden y señaló para el 7 de mayo de 2025 la celebración de la conferencia inicial[10].

---

[7] *Véase*, apéndice del recurso, a las págs. 52-64.

[8] *Íd.*, a las págs. 66-81.

[9] *Íd.,* a la pág. 82.

[10] *Íd.*, a las págs. 83-85.

Inconforme con la referida determinación, el **24 de marzo de 2025**, el señor Adorno presentó una **moción de reconsideración**[11]. Sostuvo que el Tribunal de Primera Instancia había abusado de su discreción al compelerle a contestar las mociones presentadas por Triple S. Además, arguyó que, conforme a la normativa aplicable, se imponía anotar la rebeldía a Triple S y disponer sumariamente en cuanto a ella.

Entre tanto, el 28 de marzo de 2025, Triple S presentó su contestación a la demanda[12]. Posteriormente, el **2 de abril de 2025**, presentó su oposición a la solicitud de reconsideración del señor Adorno[13].

Luego de examinar los escritos de las partes, el **3 de abril de 2025**, el Tribunal de Primera Instancia declaró sin lugar la solicitud de reconsideración presentada por el señor Adorno[14].

Aún inconforme, el **9 de abril de 2025**, el señor Adorno instó este recurso y formuló los siguientes señalamientos de error[15]:

> Erró y actuó de forma *ultravires* y sin jurisdicción el honorable Tribunal de Primera Instancia, al aceptar la contestación a la querella de la parte recurrida, aun cuando la misma fue presentada tardíamente, sin mediar una solicitud de prórroga debidamente juramentada para ello.

> Erró y actuó de forma *ultravires* y sin jurisdicción el honorable Tribunal de Primera Instancia, al declarar no ha lugar [la] solicitud de reconsideración, denegando a su vez *sub silentio* solicitud de sentencia en rebeldía de la parte peticionaria presentada contra deudor solidario, sin examinar la suficiencia de las alegaciones de la querella, negándose a disponer sumariamente de la reclamación.

(Énfasis omitido).

Por su parte, el 16 de abril de 2025, Triple S presentó su oposición a la expedición del auto de *certiorari* y solicitó la desestimación de este,

---

[11] *Véase*, apéndice del recurso, a las págs. 86-88.

[12] *Íd.*, a las págs. 96-101. En cuanto a la contestación presentada por Triple S, el Tribunal de Primera Instancia emitió una orden el 29 de marzo de 2025, notificada el 31 de marzo de 2025, con la cual se daba por enterado. *Íd.*, a la pág. 102.

[13] La parte peticionaria no adjuntó el referido escrito a su recurso. No obstante, la parte recurrida presentó una copia con su oposición a la expedición del recurso. *Véase*, apéndice de la oposición, a las págs. 38-46.

[14] *Véase*, apéndice del recurso, a la pág. 103.

[15] La parte peticionaria presentó con su recurso de *certiorari* una solicitud en auxilio de jurisdicción, la cual declaramos sin lugar mediante nuestra *Resolución* del 11 de abril de 2025.

basado en que la determinación interlocutoria del foro primario no era susceptible de revisión ante nos. Se limitó a citar la opinión del Tribunal Supremo de Puerto Rico en *Dávila, Rivera v. Antilles Shipping, Inc.,* 147 DPR 483 (1999).

Con el beneficio de la comparecencia de las partes, resolvemos.

II

A

Sabido es que, distinto al recurso de apelación, el tribunal al que se recurre mediante *certiorari* tiene discreción para atender el asunto planteado, ya sea expidiendo el auto o denegándolo. *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 596 (2011); *García v. Padró*, 165 DPR 324, 334 (2005). Así pues, el *certiorari* es un recurso extraordinario cuya característica se asienta en "la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012).

Ahora bien, en lo pertinente a la controversia ante nuestra consideración, constituye norma general que, en los casos instados al amparo del procedimiento sumario de la Ley Núm. 2 de 17 de octubre de 1961, según enmendada, conocida como *Ley de procedimiento sumario de reclamaciones laborales*, 32 LPRA sec. 3118-3132 (Ley Núm. 2), si una parte pretende impugnar resoluciones interlocutorias, deberá esperar hasta la sentencia final e instar contra ella el recurso pertinente a base del presunto error cometido. Lo anterior, debido a que la revisión de resoluciones interlocutorias es contraria al carácter sumario del procedimiento. Por tanto, los foros apelativos somos llamados a autolimitar nuestra facultad al efecto.

No obstante, la referida norma no es absoluta. En *Dávila, Rivera v. Antilles Shipping, Inc.,* 147 DPR 483 (1999), el Tribunal Supremo de Puerto Rico estableció las situaciones extraordinarias que justifican su consideración interlocutoria. En lo pertinente, **en aquellos casos en que la resolución interlocutoria a impugnar haya sido dictada por el**

**Tribunal de Primera Instancia de forma *ultra vires* o sin jurisdicción, los tribunales apelativos sí mantendremos y podremos ejercer nuestra jurisdicción**. *Íd.*, a la pág. 497.

B

De otra parte, en lo pertinente a la moción de reconsideración, en nuestro ordenamiento jurídico se favorece la utilización de este mecanismo procesal, pues brinda al foro sentenciador la oportunidad de corregir sus errores y evita que las partes incurran en los gastos que conlleva la presentación de un recurso de revisión. *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 731 (2016).

Por su parte, las Reglas de Procedimiento Civil disponen un término de 15 días para la presentación de una moción de reconsideración. Regla 47 de Procedimiento Civil, 32 LPRA Ap. V. En cuanto a las resoluciones interlocutorias respecta, dicho término es de cumplimiento estricto y se computa a partir de la fecha de notificación de la resolución u orden recurrida. *Íd.*

Ahora bien, conforme a la Ley Núm. 2, esta se creó con el fin de establecer un procedimiento sumario para los casos de reclamaciones de obreros y empleados contra sus patronos por servicios prestados. Por conducto de este procedimiento, se fomenta la rápida consideración y adjudicación de las querellas presentadas por los obreros o empleados. *Collazo Muñiz v. New Fashion World Corp h/n/c Aliss, et al.*, 215 DPR __, 2025 TSPR 22, a la pág. 5. En suma, para alcanzar su propósito, el legislador acortó los términos y condiciones que ordinariamente regulan y uniforman la litigación civil en nuestra jurisdicción.

De otra parte, si bien en el caso *Dávila, Rivera v. Antilles Shipping, Inc.,* 147 DPR 483 (1999), el Tribunal Supremo de Puerto Rico resolvió que algunas resoluciones interlocutorias son revisables en procedimientos sumarios al amparo de la Ley Núm. 2, el referido estatuto no establece los términos aplicables para recurrir cuando ello sucede. De igual manera,

**tampoco hace referencia a la posibilidad de reconsiderar una resolución u orden interlocutoria**.

Por tanto, ante la ausencia de una expresión en el texto de la ley sobre la procedencia de una reconsideración, y la omisión de un término para recurrir de una determinación interlocutoria, resulta relevante la tercera sección de la Ley Núm. 2, la cual dispone que, en los pleitos tramitados al amparo del procedimiento sumario, se aplicarán las Reglas de Procedimiento Civil en todo aquello que no esté en conflicto con las disposiciones específicas de la misma o con el carácter sumario del procedimiento. 32 LPRA sec. 3120.

En cuanto a ello, el Tribunal Supremo de Puerto Rico determinó que, debido a la naturaleza sumaria de los procedimientos al amparo de la Ley Núm. 2, la aplicación del término de 30 días provisto por las Reglas de Procedimiento Civil para revisar resoluciones u órdenes interlocutorias resultaría en un absurdo procesal. *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR, a la pág. 735. El Tribunal sostuvo que, de resolver lo contrario, se estaría permitiendo un término más largo cuando se recurre de una resolución interlocutoria, que los 10 y 20 días que aplican a las sentencias finales. *Íd.*, a la pág. 736.

Por tanto, el Tribunal Supremo dispuso categóricamente que **la figura de la reconsideración interlocutoria resulta incompatible con el procedimiento provisto por la Ley Núm. 2**. *Íd.* Entre otras razones, pues se daría la anomalía de proveer a las partes un término mayor para solicitar reconsideración, que el provisto por la Ley Núm. 2. para la revisión de determinaciones finales. *Íd.*

C

La doctrina prevaleciente dispone que los tribunales tenemos la obligación de ser los guardianes de nuestra propia jurisdicción. También, que la ausencia de jurisdicción no puede ser subsanada, ni un tribunal asumirla, atribuírsela o arrogársela cuando no la tiene. *Martínez v. Junta de Planificación*, 109 DPR 839, 842 (1980); *Maldonado v. Pichardo*, 104

DPR 778, 782 (1976). De determinarse que no hay jurisdicción sobre un recurso o sobre una controversia determinada, procede su desestimación. *González v. Mayagüez Resort & Casino*, 176 DPR 848, 855 (2009).

Una de las instancias en que un tribunal carece de jurisdicción es cuando se presenta un recurso **tardío** o prematuro, pues "[…] adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre […] puesto que su presentación carece de eficacia y no produce ningún efecto jurídico […]". *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008). Al igual que un recurso presentado prematuramente, un recurso tardío adolece del grave e insubsanable defecto de falta de jurisdicción. Como tal, su presentación carece de eficacia.

Por su parte, la Regla 83(b) y (c) del Reglamento de este Tribunal de Apelaciones nos confiere autoridad para desestimar un recurso por cualquiera de las siguientes circunstancias:

.        .        .        .        .        .        .        .

> (b) **Una parte podrá solicitar en cualquier momento la desestimación de un recurso** por los motivos siguientes:
>
> (1) **que el Tribunal de Apelaciones carece de jurisdicción;**
>
> (2) **que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello**;
>
> (3) que no se ha presentado o proseguido con diligencia o de buena fe;
>
> (4) que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos;
>
> (5) que el recurso se ha convertido en académico.
>
> (c) **El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (b) precedente.**

.        .        .        .        .        .        .        .

4 LPRA Ap. XXII–B, R. 83. (Énfasis nuestro).

III

En síntesis, mediante sus señalamientos de error la parte peticionaria sostiene que el Tribunal de Primera Instancia actuó sin

jurisdicción y de forma *ultra vires* al aceptar la contestación a la querella de la parte recurrida. Lo anterior, a pesar de que la presentó transcurrido el término estatutario y sin mediar una solicitud de prórroga juramentada, en la que expusiera justa causa para ello. A su vez, plantea que el foro *a quo* estaba obligado a anotar la rebeldía de Triple S y disponer de su reclamación sumariamente.

No obstante, examinado el recurso discrecional presentado por el señor Adorno, concluimos que carecemos de autoridad para entender en los méritos de este, toda vez que fue presentado fuera del término para ello. Veamos.

Según adelantado, el **20 de marzo de 2025**, el Tribunal de Primera Instancia denegó la solicitud de anotación de rebeldía presentada por el señor Adorno en esa misma fecha. Dicha determinación fue notificada el **21 de marzo de 2025**. A tenor con el ordenamiento jurídico, el señor Adorno contaba con un **término improrrogable de diez (10) días**, contados a partir de dicha notificación, para presentar ante nos la solicitud de *certiorari*[16]. Esto es, a más tardar, el **31 de marzo de 2025**. No obstante, el señor Adorno presentó su recurso **el 9 de abril de 2025**.

Si bien el foro primario incidió al entender en la moción de reconsideración presentada por el señor Adorno y la oposición presentada por Triple S – pues, como señalamos, la figura de la reconsideración interlocutoria es incompatible con el procedimiento sumario de la Ley Núm. 2 – el señor Adorno estaba obligado a instar su recurso dentro del término de 10 días que dispone la Ley Núm. 2[17]. En virtud de la normativa discutida, resulta forzoso concluir que la solicitud de reconsideración instada por el señor Adorno no interrumpió el término jurisdiccional para acudir ante este Tribunal.

---

[16] La Ley Núm. 2 provee en su Sección 4 un término jurisdiccional de 10 días para recurrir a este Tribunal de Apelaciones, computado a partir de la notificación de la sentencia. 32 LPRA sec. 3121.

[17] De hecho, aun si el señor Adorno hubiera presentado inmediatamente su solicitud de reconsideración y esta se hubiera acogido y resuelto también de forma inmediata, todo ello dentro de un término menor a los 10 días con el que contaba el señor Adorno para comparecer ante nos, al décimo día, el señor Adorno habría podido instar este recurso de *certiorari*.

A la luz de lo anterior, y dado que la ausencia de jurisdicción no puede ser subsanada, nos encontramos privados de autoridad para examinar los méritos del recurso, pues este fue incoado fuera del término jurisdiccional para ello[18].

IV

Por los fundamentos antes consignados, **desestimamos** el auto de *certiorari*, y devolvemos el caso al Tribunal de Primera Instancia para la continuación de los procedimientos.

**Notifíquese inmediatamente**.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís<br>
Secretaria del Tribunal de Apelaciones

---

[18] Debe quedar claro que esta determinación no constituye una adjudicación en los méritos, por lo que, de entenderlo necesario, el señor Adorno podrá replantearlo una vez dictada la sentencia en el caso.